UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCREYNOLD WELLS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-120** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION: "E" (4)** |

## ORDER

Before the Court is Plaintiff, McReynold Wells', ("Wells") **Motion for Leave to File Amended Complaint** (**R. Doc. 15**), seeking an Order from the Court permitting it to file an amended complaint in this action. Defendant, State Farm Casualty Company, ("State Farm") does not oppose the motion, which was heard on the briefs on May 8, 2013.

## I.     Background

Wells alleges that he is a homeowner whose house was damaged in a fire on May 8, 2010. (R. Doc. 1-3, p. 2).[1] He alleges that at the time of the incident he held a homeowners' insurance policy on his house, which State Farm had issued. *Id.* at 1. He alleges that after the accident he properly submitted documentation regarding his policy claim to State Farm, and cooperated with State Farm by answering requests for information about the accident; nevertheless, State Farm has refused to pay. *Id.* at 2. Wells seeks an award of $450,000.00 for "actual compensatory" damages, as well as attorney's fees, costs, and other relief deemed "equitable and just." *Id.* at 2.

---

[1] This case was originally filed in Louisiana state court, and was duly removed to federal court on January 23, 2013. (R. Doc. 1).

The case was duly removed to federal court on January 23, 2013. On February 25, 2013, State Farm filed an Answer in this case. (R. Doc. 8). In its Answer, State Farm alleged that "the investigation of the claim . . . is ongoing and will be ongoing through the discovery process. At such time as the investigation continues and may be completed, [State Farm] may be able to more specifically plead any pertinent terms and conditions that may be applicable and other defenses as allowed by law." *Id.* at 2. State Farm also alleged, *inter alia*, that the fire was intentionally set, and raised as a defense both estoppel in general, as well as La. Rev. Stat. Ann. art. § 22:1924. *Id.* at 3.

On March 12, 2013, the presiding U.S. District Judge issued a Scheduling Order which set April 10, 2013 as the deadline to amend pleadings. (R. Doc. 10, p. 1). The Order also required the Plaintiffs' expert reports by August 12, 2013; Defendants' expert reports by September 10, 2013; set a discovery deadline of October 1, 2013; scheduled a pretrial conference for November 14, 2013; and trial for December 9, 2013. *See id.* at 1-5.

On April 10, 2013, Wells filed the instant motion for leave to amend his Complaint. The motion is unopposed.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a)(2); *see Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). "This policy is certainly strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Insurance Co.*, 644 F.2d 439,

444 (5th Cir. 1981).

However, leave to amend is by no means automatic, and the decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 50 F.2d 663, 666 (5th Cir. 1981). Courts in the Fifth Circuit examine five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith, or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave to amend a complaint should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Forman*, 371 U.S. at182).

**III.    Analysis**

Wells' proposed Amended Complaint is characterized as "clarifying allegations made in his original pleading." (R. Doc. 15-3, p. 1). Wells does not specify what particular changes have been made. Upon inspection of the Complaint, the Court notes that the structure of the Complaint and the wording of many paragraphs have been altered. For example, Wells' original Complaint states that he was an "adult resident of Tickfaw, Louisiana," (R. Doc. 1-3, p. 5), whereas his proposed Amended Complaint states that he is "a person of the full age of majority, domiciled in the Parish of Tangipahoa." (R .Doc. 15-1, p. 1). The Amended Complaint also adds references to this Court's jurisdiction and venue requirements. (R. Doc. 15-1, p. 1).

The Amended Complaint also sets out particularized claims for damages for (1) breach of

contract, and (2) bad faith penalties under La. Rev. Stat. §§ 22:1973 and 1892. *See id.* at 2-3. It also states that "State Farm's arbitrary and capricious denial of Mr. Wells claim clearly violated La. Rev. Stat. § 1893, and therefore, subjects State Farm to bad faith penalties under La. Rev. Stat. § 22:1973." *Id.* at 3. By contrast, Wells' original Complaint failed to state any contractual basis for its claim, but stated only that, "Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon the plaintiff." (R. Doc. 1-3, p. 2).

In considering the Rule 15 factors, the Court finds that there has been no "undue delay" as the proposed amendment was filed prior to the expiration of the April 10, 2013 pleading deadline. Further, there is no indication of Wells' bad faith or dilatory motive in seeking the amendment, nor that the amendment will unduly prejudice State Farm; discovery in this case will close in October 2013, and trial in this case will not occur until December 2013. Even if State Farm might be adversely impacted by Wells' proposed amendments, it has not elected to present its concerns to the Court. Moreover, since Wells has not moved to amend his Complaint on any prior occasion, this factor cannot weigh against granting the proposed amendment.

Finally, the amendment is not futile. A court may deny a motion for leave to amend where "the *proposed amendment* would be futile because *it* could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (emphasis added). Where viability of a claim is at least facially possible, futility does not provide grounds for granting an amendment. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353-54 & n.6 (5th Cir. 2011).

Wells' original Complaint generally alleged that State Farm's "failure to pay" was not in "good faith," but it did not specifically allege either a breach of contract action, or a violation of any

4

particular Louisiana statute. The Court nevertheless finds that Wells' breach of contract action was sufficiently pled in his original complaint, and therefore the substance of this particular claim is not properly considered by the undersigned when assessing the futility of Wells' proposed *amendment*.

As to Wells' additional claims under La. Rev. Stat. Ann. arts. §§ 22:1973, 1892, and 1893, the Court finds that Wells' original state court Complaint, which obliquely gestures towards "good faith," does not sufficiently reference and of the three statutes at issue, and therefore these three claims are properly considered as substantive *amendments*.

All three of these new claims derive from the insurance contract upon which Wells' breach of contract claim is based. *See Kushner Lagraize, LLC v. Phoenix Insurance Co.*, No. 09-3376, 2009 WL 2922122, at *3 (E.D. La. Sept. 9, 2009) (finding that to bring claims under arts. §§ 22:1973 and 1892, a plaintiff must first "assert a valid breach of contract claim."); *Anco Insulations, Inc. v. AIG Premier Insurance Co.*, 2013 WL 773621, at *5 n.8 (M.D. La. Feb. 28, 2013) (finding that claims under § 1983 provided under the plain language of § 1973). In Louisiana,

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the allege act, omission, or neglect is discovered or should have been discovered.

La. Rev. Stat. Ann. art. § 9:5606. The Louisiana Supreme Court has found that "'*[n]o action*' is clear, unambiguous, unequivocal, and dispositive." *David v. Our Lady of the Lake Hospital, Inc.*, 849 So.2d 38, 12 (La. 2003) (emphasis in original); *Arceneaux v. Schaumberg*, No. 07-8741, 2008 WL 2355849, at *2 (E.D. La. June 6, 2008).

According to Wells' Amended Complaint, the accident in question occurred on May 8, 2011,

and Wells first brought suit on December 27, 2012. (R. Docs. 1-3, p. 1; 15-1, p. 2). Wells does not state when his claim was *denied* by State Farm; or whether this denial occurred within one year of discovery of the same; however, for the limited purpose of assessing whether Wells' proposed amendment is futile, the Court finds that there is no evidence to suggest eh could not prevail. *See Jaso*, 435 F. App'x at 353-54 & n.6.[2]

In sum, because Wells' motion is unopposed and nothing in the record suggests that leave to amend should be denied under Rule 15, Wells' motion is granted as unopposed.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, McReynold Wells' ("Wells") **Motion for Leave to File Amended Complaint** (**R. Doc. 15**) **is GRANTED AS UNOPPOSED**.

New Orleans, Louisiana, this 10th day of May 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]The Court notes that La. Rev. Stat. Ann. art. § 9:5606 only pertains to claims for "damages," and Wells' proposed amended complaint includes a request for "any other relief to which he is entitled under law and/or *equity*." (R. Doc. 15-1, p. 4) (emphasis added). However, this request for equitable relief also appeared in Wells' original complaint, in that he "be granted such other relief, general or specific, that this Court deems equitable and just." (R. Doc. 1-3, p. 2). Therefore, substantively, Wells' request for equitable relief is not a proposed *amendment*.

6