UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MCREYNOLD WELLS | CIVIL ACTION |
| VERSUS | NO: 13-120 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: "E" (4) |

### ORDER

Before the Court is Plaintiff, McReynold Wells' ("Wells") **Motion to Vacate Deposition Notices and Motion to Quash Subpoena/Subpoenas Duces Tecum (R. Doc. 23)**, seeking an Order from this Court vacating and quashing subpoenas issued to non-parties, Rawndy Wells Wagner, ("Rawndy") and Wanda Michael Wells ("Wanda") by Defendant, State Farm Fire and Casualty Company, ("State Farm"), as well as an award of reasonable attorney's fees. The motion is opposed (R. Doc. 26). The motion was heard by oral argument on May 15, 2013.

### I.   Background

Wells alleges that he is a homeowner whose house was damaged in a fire on May 8, 2011. (R. Doc. 29, p. 2).[1] He alleges that at the time of the incident he held a homeowners' insurance policy on his house, Policy # 18-BD-1716-0, which provided coverage for one year beginning on June 13, 2010. *Id.* He alleges that after the accident he properly submitted documentation regarding his policy claim

---

[1] This case was originally filed in Louisiana state court, and was duly removed to federal court on January 23, 2013. (R. Doc. 1). Wells duly amended his Complaint on May 10, 2013. (R. Doc. 29).

to State Farm, and cooperated with State Farm by answering requests for information about the accident; nevertheless, State Farm has refused to pay. *Id.* at 2. Wells, in contrast, seeks an award of $450,000.00 for "actual compensatory" damages, as well as attorney's fees, costs, and other relief deemed "equitable and just." *Id.* at 2.

The case was duly removed to federal court on January 23, 2013. On February 25, 2013, State Farm filed an Answer in this case. (R. Doc. 33).[2] In its Answer, State Farm alleges that the fire at 48431 Shady Lane in Tickfaw was not the result of an accident, but was the result of fraud, and seeks the application of the intentional act and fraud exclusions in the policy. *See id.* at 5-8. State Farm alleges that "the investigation of the claim . . . is ongoing and will be ongoing through the discovery process. At such time as the investigation continues and may be completed, [State Farm] may be able to more specifically plead any pertinent terms and conditions that may be applicable and other defenses as allowed by law." *Id.* at 2. State Farm also alleged, *inter alia*, that the fire was intentionally set, and raised as a defense both estoppel in general, as well as La. Rev. Stat. Ann. art. § 22:1924. *Id.* at 3.

As to the instant motion, Wells seeks an Order from this Court vacating and quashing subpoenas issued to him by State Farm, as well as an award of reasonable attorney's fees. The motion is opposed.

## II.     Standard of Review

Under Rule 45, "[s]erving a subpoena requires delivering a copy to the named person." Rule 45(b)(1). "If the subpoeana commands the production of documents . . . then before it is served, a notice must be served on each party." *Id.* "Proof of service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served.

---

[2]State Farm filed its original Answer to Wells' original Complaint on February 25, 2013. (R. Doc. 8).

2

The statement must be certified by the server." *Id.* at 45(b)(4).

"A party or attorney responsible for *issuing and serving* a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person *subject to* the subpoena." *Id.* at 45(c)(1) (emphasis added). Rule 45(b)(1) requires, *inter alia*, that "[s]erving a subpoena requires delivering a copy to the named person." *Id.* A Rule 45 motion must be quashed or modified where, *inter alia*, the subpoena "(iv) subjects a person to undue burden." *Id.* at 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

## III. Analysis

### A. Local Rule 7.4

Although Wells' motion seeks to quash two subpoenas, Wells failed to attach the subpoenas to his motion. Local Rule 7.4 states that for contested motions, "[i]f the motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion." *Id.* Therefore, Wells' motion, as filed, is in contravention of the Rule.

The Court notes that State Farm has filed the two subpoenas at issue in its opposition to the motion. (R. Doc. 26-5). Therefore, the Court exercises its discretion and reaches consideration of the merits of Wells' motion. *See Thomas v. Rockin D Marine Services, LLC*, No. 12-1315A, 2013 WL 1868368, at *13 & n.20 (E.D. Pa. May 2, 2013). The Court cautions the mover that any future filings which fail to conform to L.R. 7.4 may be subject to dismissal on this basis.

### B. Appearance at Oral Argument

At oral argument, an individual named "Brad Boudreaux" (Boudreaux") appeared and made

arguments purportedly on behalf of State Farm. However, upon further inspection, the Court noted that Boudreaux was not enrolled as an attorney of record in this case at the time of oral argument, nor was there a pending motion to enroll Boudreaux as an attorney of record at that time. *See* (R. Doc. 31 n. 1). Therefore, Boudreaux's statements at oral argument cannot be properly considered in the context of this Motion. However, State Farm's written motion was signed by an attorney of record in this case, and is properly considered.

### C. Motion to Quash

#### 1. Standing to Challenge Subpoenas

The threshold issue in this motion is whether Wells has standing to bring this motion at all. The subpoenas in question are directed to Rawndy and Wanda, Wells' children, who have not been made parties to this suit.

Ordinarily, a third party has no standing to challenge a subpoena issued to a third party. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also 200 South Broad Street, Inc. v. Allstate Insurance Co.*, No. 07-9238, 2009 WL 1649721, at *2 (E.D. La. June 11, 2009) ("A motion to quash or modify a subpoena under Rule 45(c)(3) may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attach the subpoena."). A third party may not challenge a subpoena on the grounds that it requests irrelevant information, or that compliance poses an undue burden. *See Campbell v. GECOS G.M.B.H.*, 2012 WL 4483528, at *1 (M.D. La. Sept. 26, 2012) (citing *Hoover v. Florida Hydro, Inc.*, No. 07-1100, 2008 WL 4467661, at *3 (E.D. La. Oct. 1, 2008)). However, "when a plaintiff claims a *personal* interest in the confidentiality of the information requested by a Rule 45 subpoena, he/she has standing to challenge the subpoena on that basis even though it is directed to a third party." *Global Oil Tools, Inc. v. Barnhill*, No. 12-1507, 2013 WL 681989, at *4 & n.7 (E.D. La. Feb. 22, 2013) (quotation omitted) (finding that defendant had

standing to challenge subpoena requesting personal income tax returns from third party accountant).

Here, the documents which State Farm requests from both Rawndy and Wanda are substantively identical, and include the following requests: their phone numbers, credit cards, bank accounts, photographs, and videos of the Wells' home, records showing removal of household items. (R. Doc. 26-4, pp. 8-9).[3]

The mover fails to explain what information it has that would suggest that the third parties (1) would have participated in the fire, (2) removed items from the home, and (3) indicate what items existed in the home.

However, even if Wells had a "personal interest" in the contents of the subpoena, he waived his right to object to the same by placing this "interest" at issue in the instant litigation. *See, e.g.*, *Frazier v. Radio Shack Corp.*, 2012 WL 832285, at *2 & n.9 (M.D. La. Mar. 12. 2012) (emphasis added) (finding that plaintiff in employment dispute lacked standing to challenge subpoena which requested his income and subsequent employment); *Adams v. Dolgencorp, LLC*, 2012 WL 2064556, at *2 (M.D. La. June 7, 2012) (finding that personal injury plaintiff lacked standing to challenge third party subpoena to medical provider). As noted above, Wells has sued State Farm for breach of contract for failure to pay insurance proceeds, clearly placing the condition of his home and the contents thereof at issue. Thus, even assuming *arguendo* that Wells could assert a "personal interest" over some of the requested information, his claims in this case divest him of standing to challenge the subpoena because he has voluntarily placed such information at issue.

    **2.**    **Merits of Subpoenas**

Based on the foregoing, the Court is confronted with the unique circumstance that *both* of the

---

[3] These lists were not attached to the deposition notices to Rawndy and Wanda which State Farm attached to its motion; instead, they are included in the deposition notices which State Farm sent to opposing counsel. *See* (R. Doc. 26-4, pp. 5-6, 8-9). Neither Wells nor State Farm has challenged the authenticity of this list of proposed documents.

5

individuals who appeared before the Court at oral argument lack standing to actually argue the motion. Nevertheless, under Rule 45 the Court is afforded authority to determine whether a subpoena places an "undue burden" on the party who is "subject to" it, and to impose sanctions on the person or attorney who violates these rules.  *See* Rule 45(c)(1).

Specifically, to secure the appearance of Rawndy and Wanda, State Farm obtained subpoenas from the U.S. District Court for the Eastern District of Louisiana, directed to both non-parties. (R. Doc. 26-5, pp. 1-5).[4]  Rawndy and Wanda are commanded to appear on May 31, 2013, and 9:00 a.m. and 10:00 a.m. in Hammond, Louisiana, respectively, to provide testimony, as well as to produce the documents listed above.  (R. Doc. 26-5, p. 1).

As to Rawndy, the "proof of service" section of his subpoena indicates that he was served on April 16, 2013, in Hammond, LA, "through Wendy Wells (sister)."  (R. Doc. 26-5, p. 3).  As to Wanda, the "proof of service" section of his subpoena indicates that she was also served on April 16, 2013, in Hammond, LA, "through Catherine Ard (Mother)."  *Id.* at 4.

Both of State Farm's subpoenas were improperly served.  Rule 45(b)(1) requires, *inter alia*, that "[s]erving a subpoena requires delivering a copy to the *named person*."  *Id.* (emphasis added). "[P]roper service requires . . . personal delivery of the subpoena."  *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).  "Unlike service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness."  *Bradley v. Keymarket of New Orleans, Inc.*, 26 F.3d 1119, 1994 WL 286191, at *1 (5th Cir. June 22, 1994) (Table, text in Westlaw) (quoting 9 Charles Wright & Arthur Miller, Federal Practice and Procedure § 2461, at 447 (1971).  "Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself

---

[4]State Farm also mailed "Notice[s] of Deposition with Request for Production of Documents," pertaining to both Rawndy and Wanda to Wells' counsel on April 11, 2013.  (R. Doc. 26-4, pp. 5-10).

is not served with a copy of the subpoena." *Weiss v. Allstate Insurance Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (finding that service of subpoena on party's attorney, instead of the party, "renders such service a nullity.")).

In this case, the proof of service submitted is facially defective under Rule 45, in that neither Rawndy nor Wanda's subpoena was personally served upon that party; instead, both subpoenas were served upon a family member. The controlling precedent in this circuit mandates that the Court find that service of both subpoenas was defective under Rule 45(b), and that as a result, neither Rawndy nor Wanda were ever "subject to" the subpoenas at issue. Further, because the subpoenas were never "served" as the Fifth Circuit has defined the term, State Farm is not entitled to request specific relief.

Nonetheless, Rule 45(c)(3)(A) provides that the Court may otherwise quash or modify a subpoena made on "timely" motion. The plain language of this addresses only "timeliness," and not "validity;" as such, the Court may reach the issue of whether the subpoena, as issued and present in State Farm's opposition, triggers any of the Rule 45(c)(3)(A) factors even if no argument is raised in support or opposition of the same. In particular, the Court notes that a subpoena may be quashed when it "(i) fails to allow a reasonable time to comply." *Id.* at 45(c)(3)(A)(i).

At oral argument, both of the individuals present raised arguments in support and against the motion. Both individuals argued that the basis of the subject motion did not concern the merits of the subpoena, but merely the scheduling of the subpoena. After noting that Wells' requests for an additional Rule 26(f) conference were irrelevant and that he had failed to actually raise any arguments as to the substantive merits of the subpoena, the Court exercised its powers under Rule 45(c)(3)(A)(i) and continued the date of the subpoenas at issue until June 7, 2013.

### D. <u>Attorney's Fees</u>

Finally, Wells has requested attorney's fees in connection with the instant motion. However,

the Court notes that because Wells' counsel made no showing that he "represents" either Rawndy or Wanda, he had no standing to enforce either subpoena. Even if Wells had standing, such standing would only extend to a challenge for personal interest, not to whether the subpoena posed an "undue burden." The Court cannot properly award attorney's fees when a party who cannot act on behalf of another files motions into the Court. Wells' request for attorney's fees is denied.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, McReynold Wells' ("Wells") **Motion to Vacate Deposition Notices and Motion to Quash Subpoena/Subpoenas Duces Tecum (R. Doc. 23)** is **DENIED**.

It is **DENIED** as to Wells' request for reasonable attorney's fees and costs.

**IT IS FURTHER ORDERED** that dates of each *subpoena duces tecum* directed at Rawndy Wells Wagner, ("Rawndy") and Wanda Michael Wells ("Wanda") is **CONTINUED** until June 7, 2013, as stated at oral argument. The substance of each *subpoena duces tecum* remains unchanged

New Orleans, Louisiana, this 20th day of June 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**