# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCREYNOLD WELLS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-120** |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY,**<br>    **Defendant** | **SECTION "E"** |

## ORDER

Before the Court is Defendant's motion in limine to exclude from evidence and argument "any and all testimony and documentary evidence[] regarding the fact that there has been no criminal arrest, indictment, and/or prosecution[] that has been pursued against the plaintiff McReynold Wells[] in connection with the subject fire, alleged damage, and insurance claim."[1]  Plaintiff opposes the motion "insofar as it [seeks] to exclude fire officials' testimony that the fire at issue here was determined not to be incendiary and no ensuing law enforcement investigation took place."[2]

The rule in this Circuit is clear:  "'We adopt and apply here the rule that a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges.'" *Munoz v. State Farm Lloyds of Tex.*, 522 F.3d 568, 572 (5th Cir. 2008) (quoting *Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987)).  Accordingly, to the extent Defendant wishes to preclude Plaintiff from presenting evidence of "his nonprosecution" for criminal arson, the motion is well taken.  Plaintiff may not adduce evidence that he was not prosecuted for arson (or that investigators decided not to

---

[1]    R. Doc. No. 43.

[2]    R. Doc. No. 51.

1

prosecute him for arson).

Plaintiff may, however, present evidence from fire officials that "the fire at issue here was determined not to be incendiary," although those officials may not testify that "no ensuring law enforcement investigation took place," which would be tantamount to testifying that they decided Plaintiff was not prosecuted. Testimony about the former concerns a disputed issue of fact, and one on which fire officials might have unique knowledge that substantially outweighs any prejudicial effect. *See, e.g.*, *Westfield Ins. Co. v. Harris*, 134 F.3d 608, 611–13 (4th Cir. 1998) (holding that "the fact that the deputy [fire] marshal's testimony might be given 'much credibility' by the jury or that it might 'bolster' a similar opinion that was expected from the insurance company's investigator are not grounds to exclude the evidence."). Testimony about the decision not to prosecute Plaintiff concerns the legal decisions made by officials based on their investigation, which, inasmuch as they "go[] directly to the principal issue before the jury," would be "highly prejudicial." *Munoz*, 522 F.3d at 572.

Accordingly, **IT IS ORDERED** that Defendant's motion in limine is **GRANTED**, as further explained above.

**New Orleans, Louisiana, this 6th day of November, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**