UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCREYNOLD WELLS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-120** |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY,**<br>    **Defendant** | **SECTION "E"** |

## ORDER & REASONS

Before the Court is Plaintiff's motion to exclude the report and testimony of Defendant's expert Jeff Aucoin,[1] which Defendant opposes.[2] After hearing argument, the Court took the motion under submission and now **DENIES** it for the following reasons.

Plaintiff first asserts that, under *Daubert*, Aucoin is not qualified to offer testimony about Plaintiff's financial motive to commit arson. "To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). Aucoin is a certified public accountant with speciality certifications in financial forensics and as an internal auditor and fraud examiner. Plaintiff asserts this is insufficient, because Aucoin "does not hold certifications unique to arson, or with respect to arson investigations; nor does he have an educational background in arson."[3]

Aucoin is obviously qualified to offer an opinion whether Plaintiff had a financial

---

[1]   R. Doc. No. 72.

[2]   R. Doc. No. 86.

[3]   R. Doc. No. 72-1, p. 4.

1

motive to commit fraud.[4] While Aucoin does not appear to have specialized training on financial motive to commit fraud by arson, which is a highly specialized topic, and so may not testify as to it directly, he is amply qualified to testify as to Plaintiff's general motive to commit fraud (if any), as well as provide a description of the assets (such as Plaintiff's home and insurance policy) that Plaintiff had at his disposal. *See Russ v. Safeco Ins. Co. of America*, 2013 WL 1310501, at *22 (S.D. Miss. Mar. 26, 2013) ("The jury in this case should benefit from hearing Ms. Herrin's testimony regarding Plaintiff's financial condition given her specialized knowledge in accounting and finance and her review of numerous technical documents, such as Plaintiff's bank records, tax returns, bankruptcy filings, and mortgage papers.").

Plaintiff next asserts that even if Aucoin is qualified his opinion is not admissible under *Daubert* because it is based on insufficient facts and data, which he analyzed without using scientific methodology. Whatever omissions there may be in the financial files of Plaintiff that Aucoin reviewed, they are not of the degree or kind that would totally vitiate the reliability of his opinion. *See Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of*

---

[4] The defense of arson in a civil case that seeks payment of an insurance policy is, after all, merely a specific form of fraud. The Court does not understand Defendant to intend to elicit from Aucoin testimony that Plaintiff had, out of the universe of potential ways of committing fraud, some unique motive for committing arson in particular, which as explained above, would not be admissible. *See* R. Doc. No. 86, p. 5 ("Aucoin is not testifying about arson, he is testifying about fraud and the motive to commit fraud. Contrary to plaintiff's purported quote of Aucoin, Aucoin does not in his report suggest that Wells had a financial motive to commit arson. His opinion is that Wells had a financial motive to commit insurance fraud.").

*Minn.*, 356 F.3d 850, 858 (8th Cir. 2004) ("Generally, the factual basis of an expert's opinion goes to credibility of the testimony, not admissibility. An expert's opinion must be excluded only if it 'is so fundamentally unsupported that it can offer no assistance to the jury.'" (quoting *Bonner v. ISP Techs., Inc.*, 259 F.3 924, 929 (8th Cir. 2001)). Aucoin reviewed Plaintiff's mortgage note, the denial of a reverse mortgage, and Plaintiff's cash flow position. The quarrels that Plaintiff has with the scope of the facts Aucoin considered, and therefore the completeness of the financial picture of Plaintiff that Aucoin formed, go to the weight, not the admissible of Aucoin's testimony. *See Russ*, 2013 WL 1310501, at *22.

Plaintiff's argument that Aucoin applied a methodology so unscientific as to require the exclusion of his opinion is also without merit. "Forensic accountants routinely rely, 'surely to no one's surprise, on the books and records and financial information . . . provided.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1040 (8th Cir. 2011) (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.*, 178 F.3d 1030, 1035 (8th Cir. 1999)). They, as Aucoin did here, then perform "mathematical calculations" after analyzing this "financial data." *Id.* at 1039–40. Other than his assertion dismissed above that Aucoin relied on too-incomplete a picture of his finances, Plaintiff does not challenge Aucoin's methodology as "[in]consistent with good accounting pratices." *United States v. Miell*, 2008 WL 5411692, at *10 (N.D. Iowa Dec. 26, 2008). Nor does the Court sees any evidence that they are. As "[t]he Court cannot answer that question" concerning the reliability of Aucoin's accounting methods "so emphatically in the negative," the court will not allow its "gatekeeper role [to] invade the province of the jury." *Miell*, 2008 WL 5411692, at *10.

Plaintiff's final assertion, that the admission of Aucoin's testimony would not be helpful and would invade the province of the jury, also lacks merit. Aucoin may testify as to the state of Plaintiff's finances "without invading the province of the jury. Such testimony may 'embrace[] an ultimate issue,' but it would not constitute an improper legal conclusion or speculation as to Plaintiff's subjective intent." *Russ*, 2013 WL 1310501, at *22 (quoting Fed. R. Evid. 704(a)). Further, "[t]he absence of any 'complex calculations' underlying [Aucoin's] opinions does not negate [his] assistance to the jury." *Id.* "An expert can be employed if his testimony will be helpful to the trier of fact in understanding evidence that is simply difficult, though not beyond ordinary understanding." *Id.* (internal quotation marks omitted).

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 12th day of November, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**