UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCREYNOLD WELLS,**<br>　**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-120** |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY,**<br>　**Defendant** | **SECTION "E"** |

## ORDER

Before the Court is Defendant's motion for partial summary on its counterclaim against Plaintiff for nonpayment of the mortgage note on the property at issue, which note Defendant received after it paid off the original mortgage holder.[1] Plaintiff opposes the motion, and his opposition is well taken.[2] The amount, if any, Defendant is entitled to recover in its suit on the note turns on the determination of the disputed issue whether Defendant was entitled to deny Plaintiff's insurance claim. If the jury finds Plaintiff committed arson, then Defendant may be entitled to collect under the terms of the note. If the jury finds Plaintiff did not commit arson and Defendant wrongfully withheld insurance payment, causing the note to be assigned to Defendant and various penalties and interest to accrue, Defendant would, at a minimum, not be entitled to collect the penalties and interest under the note that Defendant's wrongful actions caused to accrue.[3]

---

[1] R. Doc. No. 45.

[2] R. Doc. No. 61.

[3] The policy between Plaintiff and Defendant itself contemplates this result. Defendant becomes "subrogated to all the rights of the mortgagee granted under the mortgage" and is entitled to "pay to the mortgagee the whole principal on the mortgage plus any accrued interest . . . . [and] receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt" only if Defendant "pay[s] the mortgagee" after (implicitly, properly) "deny[ing] payment to" Plaintiff. To allow

Accordingly, Defendant's motion for summary judgment is **DENIED**.[4]

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 12th day of November, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

Defendant wrongfully to withhold payment under the policy but still take advantage of this provision would be unconscionable and against public policy.

[4] Defendant's request, though not a motion, to strike certain exhibits from Plaintiff's opposition is **DISMISSED AS MOOT**. The exhibits were not necessary to resolution of Defendant's motion.