UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCREYNOLD WELLS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-120** |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY,**<br>    **Defendant** | **SECTION "E"** |

## ORDER & REASONS

Before the Court are Plaintiff's motion for partial summary judgment,[1] which Defendant opposes,[2] and Defendant's motion for summary judgment,[3] which Plaintiff opposes.[4] After hearing argument on both motions, the Court took them under submission. For the following reasons, the motions are **DENIED**.

## BACKGROUND

This dispute between Plaintiff McReynold Wells and Defendant State Farm Fire & Casualty Company arises out of a fire in the attic of Plaintiff's home in Tickfaw, Louisiana, on the morning of May 8, 2011. State Farm insured the property, but denied Wells's insurance claim and voided his policy, asserting that its investigation revealed Wells committed arson. Wells disputes that conclusion, asserting that he was not home at the time of the fire and had no financial motive to commit arson. Wells now moves for summary judgment on State Farm's defense of arson to his claim under the insurance policy. State Farm moves for summary judgment on that claim for payment, asserting that

---

[1]   R. Doc. No. 74.

[2]   R. Doc. No. 87.

[3]   R. Doc. No. 80.

[4]   R. Doc. No. 88.

1

Wells breached his obligations under the insurance contract to provide a sworn statement of loss and that Wells has come forward with no evidence to support his claim against State Farm for bad faith failure to pay his insurance claim.

## STANDARD OF LAW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the

non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

### I. Plaintiff's Motion for Partial Summary Judgment

Wells asserts that the Court should grant summary judgment on State Farm's arson defense because there is no genuine issue of fact with respect to whether Wells was in dire financial straits, so State Farm is not entitled to this defense as a matter of law. Under Louisiana law, arson is an affirmative defense against the requirement to pay an insurance claim for a fire. *Sumrall v. Providence Wash. Ins. Co.*, 60 So. 2d 68, 69 (La. 1952). In

order to succeed on this defense, the insurer must show that (1) the fire was of an incendiary origin and (2) the plaintiff was responsible for setting the fire. *Id.* When, as here, there is no direct evidence of arson, "the insurer may prove its case by circumstantial evidence." *Arena v. Allstate Ins. Co.*, 2000 WL 422395, at *6 (quoting *Chisholm v. State Farm Fire & Cas. Co.*, 618 So. 2d 1059, 1062 (La. Ct. App. 1993)). "To do so, it does not have to prove its case beyond a reasonable doubt; it must simply exclude every reasonable hypothesis but that the plaintiff is responsible for the fire." *Id.* (citing *Rist v. Commercial Union Ins. Co.*, 376 So. 2d 113 (La. 1979) & *Sumrall*, 60 So. 2d at 69). "Proof of motive plus establishment of the incendiary origin of the fire, in the absence of credible rebuttal evidence, is sufficient to sustain the affirmative defense of arson." *Id.* (citing *Sumrall*, 60 So. 2d at 70)).

The incendiary nature of the fire is disputed, and Wells does not appear to contend that summary judgment is proper on the basis that there is no genuine issue as to whether the fire was set as opposed to accidental. Instead, Wells asserts that State Farm has not come forward with sufficient evidence of his motive to commit arson, such that it is permissible to infer he was responsible for setting the fire. In support, Wells claims that cases require proof of "dire financial circumstances" before it is permissible to infer from circumstantial evidence that an insured had the requisite motive sufficient to support a finding the insured set the fire.[5] The case Wells cites for this proposition, *Kennair v. State*

---

[5] R. Doc. No. 74-1, p. 8 ("Financial motive sufficient to commit arson is shown by demonstrating that the plaintiff insured is in "dire financial circumstances.").

*Farm Fire & Casualty Co.*, 44 F.3d 1004 (5th Cir. 1994) (per curiam) (unpublished), does not contain the word "dire." Instead, the Fifth Circuit simply noted plaintiffs' financial situation was dismal and that "State Farm presented evidence that the [plaintiffs] had a financial motive to burn their house. Before the fire, the [plaintiffs] attempted to sell their house. Despite having invested more than $80,000 in the house, the [plaintiffs] were forced to lower the asking price from $50,000 to $34,000." *Id.* at *2.

Other cases Wells cites for this proposition do contain his "dire" language though. For example, in *Kelly v. Commercial Union Insurance Co.*, 709 F.2d 973 (5th Cir. 1985), the Fifth Circuit stated:

> The defendant attempted to establish at trial that the plaintiffs were in dire financial straits and that a friend of theirs . . . had set the fire at their request. The trial court was not convinced that the plaintiffs' financial status was such as would motivate a person to burn down his property and the court found that the defendant had not proved that [the friend] "had anything to do with setting this fire." The record does not indicate that these findings were clearly erroneous.

*Id.* at 976. The Louisiana Second Circuit used similar language when it reversed a trial court's finding of fact that the plaintiff had sufficient motive to commit arson, writing: "We do not feel State Farm has shown the dire financial condition or other motivation required for us to say it is more probable than not [plaintiff] was responsible for the destruction of his home." *Wallace v. State Farm Fire & Cas. Ins. Co.*, 345 So. 2d 1004, 1008 (La. Ct. App. 1977).[6] Louisiana law controls this state law claim, and the Court concludes that Louisiana

---

[6] State Farm asserts that a plaintiff may have a motive to commit arson other than dire financial straits. To the extent State Farm means to suggest a person may have a motive to commit arson, e.g., out of revenge or to make money (because, for example, the property is overinsured

5

law requires State Farm to prove that Wells was in "dire financial straits" before it would be proper for a jury to infer from circumstantial evidence that he had the motive necessary to commit arson.

Although this is a demanding burden, "[w]hether or not an insurer has adequately established the defense of arson is a factual determination." *Arena v. Allstate Ins. Co.*, 2000 WL 422395, at *6 (citing *B. Bennett Mfg. Co. v. S. Carolina Ins. Co.*, 692 So. 2d 1258, 1269 (La. Ct. App. 1997)). So long as the insurer comes forward with *some* evidence the insured was in financial straits that a reasonable person could believe were dire, there is a question of fact concerning plaintiff's motive. *See Neuman v. Mauffray*, 771 So. 2d 283, 286 (La. Ct. App. 2000) ("A motion for summary judgment requiring a judicial determination of subject facts, such as motive, intent or knowledge, is rarely appropriate.").

State Farm has come forward with evidence of Wells's dire financial situation sufficient to survive summary judgment. There is evidence in the record that Wells had a balloon payment coming due (in the amount of approximately $110,000) the month the fire was set.[7] Wells had only $9,000 in his checking account at that time, and there is evidence Wells had a negative cash flow. Even if, as Wells contends, he was eligible to renegotiate this payment, there is no guarantee Wells's bank would have agreed to a renegotiation (he

---

taking in account of any indebtedness on the property), the Court agrees. But there is no evidence in this case Wells stood to make much if any profit from this fire, that the vacant property was for some reason more valuable to Wells than his home of twenty-five years, or that he had a personal motive such as revenge to commit arson.

[7]   R. Doc. No. 74-1, p. 4.

had recently been turned down for a reverse mortgage),[8] and the prospect of defaulting on such a large balloon payment and Wells's negative cash flow provide sufficient evidence of financial motive to create a jury question whether Wells faced dire financial straits.

## II. Defendant's Motion for Summary Judgment

State Farm moves for summary judgment, asserting that Wells is barred from bringing suit because he failed to submit a sworn proof of loss and State Farm's good faith reliance on its arson defense precludes Wells from recovering on his cause of action for a bad faith failure to pay his claim. Neither argument provides a basis for summary judgment.

It is true that Wells's policy contains within it a requirement to "submit to [State Farm], within sixty days after the loss, your signed, sworn proof of loss,"[9] and it is undisputed that Wells did not submit a sworn proof of loss within sixty days (and that he has still not submitted a sworn proof of loss). State Farm asserts this precludes Wells from bringing suit, as another term of his policy states: "No action shall be brought unless there has been compliance with the policy provisions."[10]

Louisiana law does not "regard a cooperation clause as 'an escape hatch' that an insurer may use to flee from liability." *Kovesdi v. Allstate Indemnity Co.*, 2010 WL

---

[8] The renegotiation was not guaranteed, as another credit check would have been required. R. Doc. 87, pp. 8–9 & record cites.

[9] R. Doc. No. 80-1, p. 9.

[10] R. Doc. No. 80-1, p. 9.

3835893, at *6 (E.D. La. Sept. 24, 2010).[11] Thus, for an insurer to obtain dismissal based on the plaintiff's failure to provide sworn statements and the like, the insurer must "show a diligent effort to obtain [the requested] information." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., v. Cagle*, 68 F.3d 905, 912 (5th Cir. 1995) (citing *Pelas v. Am. Employer's Ins. Co.*, 299 So.2d 815, 816 (La. Ct. App. 1974)). In addition, the insurer must show that "the breach on the part of the insured [was] both material and prejudicial to [it]." *Williams v. Lowe*, 831 So.2d 334, 336 (La. Ct. App. 2002); *accord Desadier v. Safeway*, 712 So.2d 925, 928 (La. Ct. App. 1998); *Freyou v. Marquette Cas. Co.*, 149 So. 2d 697, 699–700 (La. Ct. App. 1963). Whether or not State Farm was diligent in its effort to obtain a sworn state of loss from Wells, State Farm has not even attempted to show the required prejudice. That is perhaps because, at this point—after substantial discovery and deposition testimony—it would be quite difficult to show prejudice based on the lack of a piece of paper.

State Farm's assertion that it is entitled to summary judgment on Wells's bad faith or arbitrary and capricious failure-to-pay claim under Louisiana Revised Statutes 22:1892, 22:1973(B)(5), is also without merit. While a reasonable jury could, as discussed above, conclude that Wells committed arson, a reasonable jury could also conclude that he did not and that State Farm reached the contrary conclusion in bad faith (by, for example, the way it handled the investigation process). The fact that today, after all the facts have come to

---

[11] The clauses on which State Farm relies are clearly cooperation clauses, and its theory for escaping liability is one of breach-by-the-insured. The fact that some non-binding authority fails to discuss a prejudice requirement in connection with breach of a cooperation clause does not change the fact Louisiana cases impose this requirement.

light through discovery, a reasonable jury could conclude Wells committed arson does not dispose of the reasonableness of State Farm's arson determination at the time it denied Wells's claim. In any event, bad faith, like the motive at issue in State Farm's arson defense, is quintessentially a question of fact.

## CONCLUSION

For the foregoing reasons, Wells's motion for partial summary judgment and State Farm's motion for summary judgment are both **DENIED**.

**New Orleans, Louisiana, this 14th day of November, 2013.**

*[signature]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**